Good morning, Your Honors. May it please the Court, my name is Kirsten Hammond, and I am the attorney for the plaintiffs in this matter. This is a case about a special needs child that the Department of Education failed to provide a one-to-one aid for which the child needed, and then failed to pay for, refused to pay for, the parent's appropriate private placement. We're respectfully asking the Court to uphold the Administrative Hearings Officer's remanded order from December 20, 2012, which held that the November 4, 2010 Individual Education Plan denied a free appropriate public education because it did not offer one-to-one services for this child when those services were required. Who makes the decision that, the last point you made, who makes the decisions that they were required? Isn't that what the problem is with this? Well, I mean, ultimately it's up to the Individual Education Plan team to determine that. And the allegation is that one-to-one was required, but where do we find the finding that one-to-one was required? Well, it was the Administrative Hearings Officer when it was, Judge Ezra remanded that question to the Administrative Hearings Officer who said, yes, one-to-one services were required, and that was based on the evidence, the testimony, all of that that was presented in front of the hearings officer at the due process hearing. So based on all of that evidence, on remand, the hearings officer who was Richard Young said, yes, this child required one-to-one services. And then it was the District Court, after the remand, that overturned that and erroneously, or misinterpreted, in my opinion, what Judge Ezra was remanding back to the District Court, Judge Watson said that Judge Ezra had determined the evidence was insufficient to determine whether one-to-one services were required. That wasn't the question that went back to the hearings officer. It was whether, what Ezra found was that the evidence was insufficient to determine whether one-to-one services were provided. The question is, were they were required? And the hearings officer said, yes, they were. And the reason why the order after remand should be reversed is because the law says that you have to defer to the expertise of the administrative hearings officer. They're in the best position to analyze the evidence, evaluate the testimony that's presented, and that decision should be given deference. Well, the qualification on that, though, right, is that provided that the findings that the thorough and careful. Right. And why, in looking at the hearing officer's decision, I guess I had some pause there because I was expecting more and didn't see, I don't know, you tell us why you think that here the hearing officer's findings were thorough and careful. Well, I think he does do an analysis of why he's making the decision that he's making, why those were required. I mean, he does go through the evidence that was presented, the testimony of the school psychologist. I mean, he goes through that. Just give us the bullet point summary of what are the best facts in the record that support the finding that one-to-one instruction was required. So if you, I believe I referenced it in my opening brief, that, I'm sorry, I'm, he analyzed the testimony that was given by witnesses at the, there was an expert that was in speech-language pathology, the school psychologist who testified the principle and exhibits submitted into evidence. So it's that he was, I think, nine years old at the time, but had the speech capabilities of a two-year-old? Right. So that's fact number one. Yes. Just kind of ticked down, that's what I'm asking you to do. Because at the end of the day, regardless of the level of deference owed, the question is still whether the district court, in analyzing this record, erred by not concluding that substantial evidence supported the hearing officer's finding. So you, however much deference is owed, you're still going to need to persuade us that there's enough in the record here. Right. So that's fact one. What else? Well, he also, the school psychologist, there was testimony that either it was the school psychologist or the principal that said that he needed, or that he had two aids at the time, and the hearings officer used that to determine that, well, he doesn't need two he needed a one-to-one with him if the school staff is interpreting close adult supervision to mean that he's going to need two people with him at all times. So based on that, the hearings officer said, no, that one-to-one was appropriate, not a two-to-one. So there was that. There was also the fact that he required a behavior intervention plan, which the district court later said that, well, just because a child requires a behavior intervention plan doesn't mean that that child needs a one-to-one aid. But the hearings officer, based on all of the evidence and testimony that was presented, said, yes, because he does need a behavior intervention plan in this particular case, in this individual child, he does need a one-to-one with him at all times. So based on that evidence, the hearings officer decided that, or determined that the child did require a one-to-one aid. And then on the issue... If you're ready to move to another issue, could I ask you about one issue? Yes. It's on the stay-put issue that you've raised. But as I reviewed the record, the stay-put issue was not before us, because it occurred after the notice of appeal. I understand. So I'm not sure, maybe you can tell me why we should have jurisdiction of that, because it occurred after the notice of appeal. I don't know that that's before us. Okay. Well, the issue of stay-put is properly before the court. It was raised, it was the subject of the complaint in the district court, and that's in the exodus of record at page five. It was also included in briefing before the district court, the issue of stay-put. Right, but the problem... It was actually raised after your appeal. Right. In the district court, the attorney of record at the time was asked to file separate briefing, or separate motion on the issue of stay-put. That was not done, and then the appeal was filed, and as soon as the appeal... I came on the case as the attorney of record after the fact, and immediately filed the motion in district court, a relief pending appeal, and asked for the court to decide the issue of stay-put. But all of the issues were raised in the record. I mean, the state was on notice that this is an issue in this case, and the issue is extremely important. I understand, but I'm not sure we have jurisdiction to get to it. I mean, do you have any case in which a separate order following separate briefing, all of which occurred after the first notice of appeal was filed, was nonetheless deemed to be part of the case, without a new notice of appeal being filed? I'm not aware of a single case that's in that posture, in which jurisdiction was determined to be proper in the court of appeals. Your Honor, I'm not aware of that, but regardless, the issue was raised throughout the proceedings below, and I understand that the motion was not filed as requested by the district court, but it was part of the arguments that were made, and so I would submit... But just the posture here, tell me if I'm wrong on this and remember it, that the order from which the notice of appeal was taken said at the very end, the plaintiff has also, or the child has also raised the stay-put issue. I don't know. I'm not going to decide it in this order. It needs to be the subject of a separate motion. And then, as I understand it, you filed a separate motion after the notice of appeal had been filed, and the district court issued a separate order resolving that issue, and then you never filed a new notice of appeal. I don't think there's anything in the body of precedent we have that allows you to then interject this issue without having filed a separate notice of appeal. I guess I understand that that... Well, maybe you can tell us. What is the consequence of that? What if we don't have jurisdiction over the stay-put issue? How does that affect what happens? Well, if the court determines that it doesn't have jurisdiction, then the issue of the then current placement, you know, it's going to be an issue for this child, and it's completely contrary to IDEA law that, you know, this child would... Where is the child now? In the private program. And has that been true all... Yeah. Okay, and so is this... Since 2010. Does this end up being, and the state is no longer paying for that? In 2014, March of 2014, the Department of Education agreed that that is the appropriate placement for the child. So in 2014, agreed to the placement, and my understanding is began to, again, reimburse for the child to be at the school. There was a period of, from 2012 until that time, where the Department of Education was not funding the private... That's what I remember. But so is that the only consequence, is that the parents won't be able to get reimbursed, or... Because it doesn't sound like if we don't have jurisdiction that some harm is going to occur to the child. The child is in the appropriate placement, and the state is paying for that now, right? That's correct, but it's, you know, it does harm the child. It does harm the school, and it sets precedents for, you know, the Department of Education to engage in that kind of... No, you just needed to file a notice of appeal. That's all that would happen. If we were to say there's no jurisdiction, it's not that we don't want to have the issue before us. We just, we can't, because you didn't do the thing that you needed to do to best us with jurisdiction. So I don't think we're not talking about setting any precedent for IDA cases going forward. I'm just trying to figure out, in this case, what would be the consequence to this child and the parent. Right. That would be, that's the consequence. If there are no further questions of the court, I'll save my time for rebuttal. Okay. Let's hear from the state. These are all fairly tragic cases with no good solution ever. Even after we rule on this case, we're going to have continuing problems. Do you think that's too strong a statement? Before I answer your question, may I introduce myself? Yes. Good morning. May it please the staff of the appellee. And your honor, with respect to your question, it is my understanding that the child is in the current private placement and that the Department of Education has agreed in a separate agreement from, I believe, sometime 2014. I wasn't a party to that, but this is my understanding, that the DOE is paying. But that's not part of the record, and I've heard all morning about matters that are before the record. What I'd like to do is stick with the record. And I'd like to start with what you judges raise for Ms. Hammond, which is, what are the facts that the federal district judge was reviewing after the remanded decision? And here are the facts. These are cited by the hearings officer in his remanded decision. One, that the child was diagnosed with autism when he was two years old. He was seven and a half years old at the time of the IEP in question, which was November 2010. At that time, according to the speech-language pathologist from the DOE who testified, the student's communication was at a two-year level. At that time... Can I stop you there? Yes. Was there also testimony about the significance of that? Because that sounds extremely problematic and that might well lend support for finding that this child is in a position where one-to-one instruction is needed. Your Honor, yes, there was testimony. The only testimony was provided by the Department of Education speech-language pathologist, who testified to all these facts about the level of functional communication and testified that, in her opinion, that the program services in the IEP were appropriate for that child. And the initial decision by the administrative officer was that, with respect to the program on autism, addressing autism and behavioral needs, the family had not approved their claim. When it went up to the first federal district court judge, Judge Ezra, Judge Ezra, as Your Honor is aware, affirmed all that. The only matter that went back on remand was this singular question about, was there actually a need for this one-to-one, and there's some confusion about whether it's one-to-one instruction or one-to-one services. And I've reviewed Judge Ezra's order. I wasn't the attorney of record at that time. And I must concede that Judge Ezra did not say that those findings, to him, did not prove that the child needed one-to-one. So I will concede that. That's the main problem. The district judge, when he got it back, thought it was a, quote, law of the case, close quote. But Judge Ezra clearly left that issue open. The judge was wrong. Yes. However... You mean we don't have to reverse it and go back and tell him to re-read it? No, Your Honor, you do not. Because he did not end his inquiry with just that statement. He went on to then discuss the factual findings that that hearing officer made on remand, and then pointed out why those findings did not require deference. When you say he, you're talking about the second judge? The second federal district court judge, Judge Watson. Okay. Because then he went on, in his order, beyond that statement about the law of the case, and he went and reviewed all the factual findings that the hearing officer relied on for him to reach his conclusion that a one-to-one service or instruction was required. How, you know, I was a district judge once upon a time. Yes. And I can see that he doesn't want to say Judge Ezra was wrong. But once he gets this law of the case idea in, he's made a decision, and then he's backing it up. But if he made the decision for the wrong reason, because he thought it was the law of the case, isn't that, doesn't that indicate that he needs to look at it again to make sure? If he's made a mistake at the beginning, Judge Ezra made this the law of the case, he may go on to say other things to say Judge Ezra was right when Judge Ezra had never made that decision. It sort of taints things. So tell me why there's no error, or if there was error, and there was, that it was harmless. Because, Your Honor, with all due respect, and... That's the part that bothers me, the case. Okay, then let me answer that question. First, Judge Watson did not end his analysis just with that statement that this is the law of the case, I don't need to decide anything further. He went on, I understand what Your Honor is saying, that maybe this tainted his analysis, but he went on to analyze the facts cited by the federal, excuse me, the administrative hearing officer, and this reviewing court can also review his analysis after the law of the case discussion and say, well, based on the record, based on how we analyze these facts, is there still, you know, sufficient evidence to support his conclusion that first, I don't owe deference to the hearing officer, and two, those factual findings do not support a need for one-to-one services or instruction. And the reason why those factual findings do not support that need is, all these findings cited by the hearings officer, and you'll see it in the decision, and it's reiterated again in Judge Watson's order, which this court is reviewing, all those findings were in the original decision. All those findings were the basis for that hearing officer to conclude that other claims, such as the claim that the IEP did not address autism, were not proved. All those findings were insufficient to prove that the behavior claim were not proved. Those findings, which were not sufficient to address those particular claims, were somehow found to be sufficient to prove one-to-one without, and this is my point, Your Honor, without what I believe is necessary. What the DOE did have is a school psychologist who opined, and she is qualified as an expert witness in school psychology, who has expertise in doing assessments involving behaviors in the school setting. That school psychologist opined as an expert that based on these types of facts, like the lack of meltdowns, the behavior changes that had occurred and were discussed at that IEP meeting, which the father acknowledged, those behaviors, in her opinion, were not sufficient, did not establish a need for one-to-one. Now, if the family who had the burden of proof at the initial administrative hearing had produced an equivalent expert that said, you know, based on those type of findings, it is my professional opinion that, no, there is one-to-one needed, then, yes, you'd have this classic credibility battle. Then, you know, courts are very reluctant to enter into that battle. We don't have that here. We don't have one witness saying this, one witness saying that. What we have is the Department of Education's school psychologist, the only expert that opined on the connection between these findings and whether that proved a need for one-to-one. That expert said, no, there was no need. So that is why that hearing officer, now the hearing officer is owed deference when there Well, no, not just in that situation. I have expertise that we, as federal judges, certainly lack in terms of assessing. So that's what I think our cases say, that's why deference is owed, provided that the hearing officer gives enough in the findings. I apologize for overstating and maybe overemphasizing that point. Well, no, I think the reason I cut you off is because it seems to me that's a very important overstatement that you just made. Because here, I'm struggling to find a reason why Judge Watson was justified in not granting deference here. I mean, I'm serious. Why wouldn't we, why is Judge Watson in a better position than this hearing officer to make the kind of assessment that's required here? Because the point I made about what the hearing officer needed, besides having his expertise in dealing with these IDA cases at the administrative level, he needed to have some expert make these connections between these facts. Because absent that, basically he's making a legal conclusion, not some administrative expertise, but a legal conclusion that a federal judge could also make, and your honors could make also, that there was not sufficient, there is this missing predicate, which I'm claiming is, you need to have someone with some expertise in the school setting, saying, you know, based on these findings, that these are indications, these facts support a need for one-to-one. And then the hearing officer could weigh all this, and in their administrative expertise, determine which one of those experts merit credibility. On this record, where do we find that even with one-to-one assistance, either the status quo is held or some progress is made, where do we find that? I understand the argument that one-to-one is necessary, but where do we look to see whether one-to-one works or doesn't work? As I understand this record, the conduct continued in a negative way, period, didn't it? I'm not certain what part of the record you're referring to, your honor, but the record that I reviewed showed that he still had some behavior issues, and that was acknowledged by anyone that had observed him in the private placement, because that's where he's been all this time. And some safety issues. Well, no, there are safety issues alleged, but there are no findings that there are safety issues proven. There are no factual findings in the original administrative decision. That to me was just a conclusory statement that was put in the decision on remand, but in the original administrative decision, and even in the remanded decision by the hearings officer, there are no separate factual findings that anyone had proven that there are safety issues. You don't have to dwell on it. Go ahead. So, your honor, the point I'm making is, Judge Watson, like you, while you do defer to these administrative hearings officers in matters of the IDA, you are also more familiar with the fact of the need for expert witnesses in civil cases or criminal cases. There's no lesser need for that in IDA cases. It's incumbent upon the family that has a burden of proof to just show up with more than just, well, my child is autistic. Yes, we know he's autistic. My child has behaviors. We know autistic child have behaviors. The question is then, has some expert opined that based on those undeniable facts, that there are certain services required? You need to have some experts say, yes, these are the type of services you need. And we had experts establish that he had the appropriate program to address his autistic needs, and we had an expert that said he did not need a one-to-one. And I have to note for the record, I'm the Johnny-come-lately on this, but I want the record to be clear. Apparently, there was some vagueness about whether the father or the family understood whether the discussion in IP was about one-to-one. But the record is clear because when the father testified during direct testimony, he testified that he understood very clearly that the discussion was not about one-to-one. And I'll just cite, Your Honor, because you have your clerks here. But when he testified on the first day, and it's on page 39 of the transcript, and it's from lines 1 through 6. Hang on. It's the transcript of... Give me an ER site, if you have it. Yeah. Ms. Hammond had the... Well, okay, just describe what it is. You're looking at the transcript of what? Well, it's the transcript of the father, and it goes by the initials JG. And the beginning page is page 39. And the question is, but I just want to know what you recollect of the discussion. So they said, we're going to have somebody, whatever they used to call it, work with Joshua or watch him. What was said, work with him, watch him, what was said. The answer from the father was, they said there would be somebody there to watch him, but not necessarily exclusively. Okay. That is the father's own admission, that he understood during that discussion in the IEP meeting, that this discussion about that close adult supervision was never about one-to-one. But I thought the number... Sorry if I'm yelling into the microphone. I thought the number of minutes of instruction that the IEP did require basically ended up amounting to one-to-one. Yes, Your Honor. Except if you look at the clarification of services granted in the IEP, it's described in the parenthetical that it's either a paraprofessional or a special education teacher. And that is the discussion that was testified to by the school psychologist who was part of the IEP who testified, yes, there was discussion about there would either be a special education teacher teaching in the self-contained classroom, or at times when the teacher was not teaching, there would be a paraprofessional or educational aide. So what we have here is some of these meetings and presentations, but they come eventually to a hearing officer, and then the hearing officer makes a determination, and then that comes to the district court. So the district court is reviewing the hearing officer. Is that right? Yes, Your Honor. There was an administrative record before the administrative body that goes up with the… Now, the hearing officer determined the department's proposed IEP was inadequate because it did not provide one-to-one services. The hearing officer made a decision that it was inadequate because of that. Now, the hearing officer relied upon actual evidence. There was testimony from a speech pathologist, the BSP plan, the IEP's provision for consistent close supervision, the public school's acting principals' belief. Then the hearing officer concluded, from this evidence, the student suffers from behavior problems, social and safety concerns that cannot be left alone, and a lack of independence, and thus requires one-to-one services. So that's what came up to the district court. Yes. Now, the district court then has to accept that unless it's what? It's an administrative hearing, so the district court should have accepted on the basis of what? No, Your Honor. The district court gives a deference that's due if it's thorough and careful, and I have tried. Maybe I haven't done it successfully, but I have tried to point out to Your Honors that those findings are not thorough and careful. So the district judge is supposed to show deference to the hearing officer? If those factual findings are thorough and careful, and I believe what I've tried to argue today is to show you while he cites these factual findings, that's actually circular reasoning because those facts did not support the actual claims that were being addressed. There are other claims besides this one-to-one, and those facts are not sufficient to show the needs for behaviors that the IEP was not addressing. Well, you say that, but the district judge was supposed to give deference to the hearing officer. No, Your Honor. I'm not saying that. In the initial decision by the hearings officer that went to Judge Ezra the first time, the hearings officer found all those facts and found that autistic needs were being met, and found that behavior needs were being met. All those decisions were then affirmed by Judge Ezra. So what I'm telling you is that those factual findings which supported a decision in favor of the Department of Education have somehow been flipped around to support a separate claim that one-to-one was needed. What I'm telling you is it might be true that those kind of findings might be a support for an opinion, but I think the opinion that's needed is some expert to say, like our school psychologist said, that is not sufficient. Unless they had an expert to say, that was, I believe, contrary, then we have issues that the hearing officer could review and say, I believe this person over that. We don't have that. So the hearing officer did not accept your evidence and use some other evidence. No, Your Honor. On remand, the parties had stipulated there would be no new evidence. It was just based on whatever was submitted during the initial hearing. And so he took whatever evidence was presented, and he basically repeated all his factual findings from his first decision. What I'm saying today is he used those factual findings, which basically supported everything in favor of the DOE, and somehow construed that into an argument or a conclusion that one-to-one was needed. Yes, it is confusing, and it's also confusing because of the beginning of the district courts saying that it's the law of the case. Now he went on to make his own findings, but it certainly adds some questions. It's very troubling. Well, you've got the case you've got, and you've done a good job of it. I hope I've answered that question, because I believe he did go on beyond just that cutoff point about the law of the case. Your time is way over. Thank you for your argument. Let's hear from your opponent and get a response to the arguments you've made. Thank you. First of all, I think that the hearings officer's reliance on the same set of facts is not an issue the way that Judge Watson made it an issue, because the facts supported the conclusion that he was analyzing whether one-to-one services were offered and said that they were appropriate based on what was in the record, the close adult supervision for 1,740 minutes. He then used those same facts, though, on a new question, a different question of whether one-to-one services were required. And he used the same set of facts to determine that question. It's a separate question, so it's appropriate to rely on the same set of facts that were initially presented at the evidentiary hearing. There was a question about whether or not the child improved or progressed with one-to-one services, and it is in the record. If you look at the decision, it's in the excerpts of record. It's volume 2, page 161 of the excerpts of record. It talks about how parents' main concern was for students to develop functional language. The child had begun to increase his word vocabulary. The child was no longer having meltdowns, was no longer falling on the floor and having tantrums. And I want to point out that also on that page, it does state that the father testified that he understood that the November 4, 2010 IEP meeting, at that meeting, that the DOE would have somebody assigned to students, so Dad did understand that they wanted a one-to-one. In fact, they wanted a two-to-one. But he did understand that somebody, based on what they talked about at the IEP, that somebody would be assigned full-time to his child. Let me just jump in with a question. What's your response to your opponent's argument that they actually had a school psychologist who gave an expert opinion on the precise question that's before us, and you didn't present any expert to counter that? Well, actually, there was testimony of the expert witness on behalf of the family. It was the private program expert, the card director, that testified, and those findings are located at page 131 of the excerpts of record in Volume 2, who testified that the student receives direct one-to-one services, which include discrete trial training, natural environment training, talked about the problems that the child had when the child first started with the private program, including self-injurious behaviors, aggression, tantrum behavior. And so they did have an expert to testify on the issue of whether the child needed a one-to-one, and based on all of that evidence that was presented, the hearings officer found that a one-to-one was required. So they did have an expert that testified. And who is a better expert than the parent, the father, who is testifying that this child needs a one-to-one? And in fact, he testified that the child needed two professionals, but thought that at least he was getting one professional. And so the findings of facts, I mean, so the decision definitely deserves the deference. It does go over the facts very thoroughly and carefully, and there's really no definition of exactly what that is supposed to look like. But if he's looking at the evidence, if he's analyzing it and coming to a conclusion, there's no reason for the district court to substitute its own judgment for the judgment of the hearings officer who has the expertise. Any last points you want to make? No. Okay. Thank you very much for your argument. The case just argued will stand submitted, and we are in recess for this session.
judges: Wallace, Farris, Watford